UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALVIN FULTON, JR.,

                Plaintiff,

                                                                         9:02-CV-1248

v.                                                                        (FJS/GHL)

DANIEL SENKOWSKI,

                Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

ALVIN FULTON, JR., 02-B-0775
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ELIOT L. SPITZER                        BRIDGET ERIN HOLOHAN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224-0341

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to me for Report and Recommendation, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b), by the Honorable Frederick J. Scullin, Jr., Chief Judge, U.S. District Court for the Northern District of New York. Plaintiff, currently an inmate at Great Meadow Correctional Facility, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, asserting violations of his Eighth Amendment rights. Currently pending is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 67.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that Defendant's motion be granted.

I.      BACKGROUND

Liberally construed, Plaintiff's Second Amended Complaint[1] alleges that, between May 11, 2002, and June 12, 2003, Clinton Correctional Facility ("Clinton C.F.") Superintendent Daniel A. Senkowski ("Defendant") violated Plaintiff's rights under the Eighth Amendment by knowingly or recklessly exposing Plaintiff 24-hours per day to secondhand cigarette smoke produced by prison staff and other inmates while Plaintiff was incarcerated in Clinton C.F. housing units. (Dkt. No. 63 at 1-2.) More specifically, Plaintiff alleges that Defendant acted *knowingly* or *recklessly* because (1) Defendant "was fully aware of plaintiff's allergic[] and asthmatic conditions at the time of the secondhand smoke exposure" and (2) "Plaintiff . . . filed a grievance complaint addressing these issues and seeking appropriate medical analysis[] and prognosis," which grievance (No. CL-48002-03) Defendant denied. (Dkt. No. 63 at 2-3.) Moreover, Plaintiff alleges that Defendant's response to Plaintiff's complaint was deficient in that he "refused to institute preventive measures to protect plaintiff from known dangers of secondhand smoke" and he "refused to enssure [sic] appropriate medical attention and treatment." (Dkt. No. 63 at 3-4.) In this way, Plaintiff's Second Amended Complaint must be liberally construed as alleging *two* slightly distinct causes of action under the Eighth Amendment: (1) deliberate indifference to a serious medical need, and (2) confinement under cruel-and-unusual prison conditions. (Dkt. No. 63 at 5.)

On April 5, 2005, Defendant moved to dismiss Plaintiff's Second Amended Complaint on the ground that Plaintiff failed to state a claim upon which relief may be granted, under Fed.

---

[1] Plaintiff filed his original Complaint on October 1, 2002; he filed his Amended Complaint on October 25, 2002; and he filed his Second Amended Complaint on February 17, 2005. (Dkt. Nos. 1, 5, 63.)

R. Civ. P. 12(b)(6). (Dkt. No. 67.) Essentially, Defendant's motion argues that Plaintiff's claims against Defendant must be dismissed because Plaintiff's Second Amended Complaint, when considered in light of the affirmance of the denial of Grievance No. CL-48002-03 (to which the Second Amended Complaint expressly refers), fails to allege any (non-conclusory) facts even suggesting that Defendant *knew* that the smoke in question posed a serious risk to Plaintiff's health (an argument discussed in more detail below in Part II.B.2.). (Dkt. No. 67, Part 5 at 2-3 [Def.'s Mem. of Law].)

In his motion papers, Defendant specifically advised Plaintiff that "failure to respond to Defendant's motion may result in the Court granting the motion, in which [case] there will be no trial." (Dkt. No. 67, Part 1 [Defs.' Notice of Motion] [citing N.D.N.Y. L.R. 7.1(b)(3)].) In addition, by Order filed May 12, 2005, the Court (1) reminded Plaintiff that he had not yet responded to Defendant's motion to dismiss, (2) granted Plaintiff an extension until June 12, 2005 to so respond, and (3) advised Plaintiff that his failure to so respond would be deemed consent to the relief requested in Defendant's motion. (Dkt. No. 72.) Moreover, the Court *sua sponte* further extended the deadline for Plaintiff's response, by Orders filed on June 24, 2005, and July 19, 2005–giving Plaintiff until August 8, 2005, to respond to Defendant's motion. (Dkt. Nos. 74, 77.) Still, Plaintiff has not responded to Defendant's motion.

II.   **DISCUSSION**

    A.   **Effect of Plaintiff's Failure to Respond to Motion**

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as

3

consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendant's motion to dismiss is properly filed, Plaintiff has failed to oppose it (despite being expressly and repeatedly warned of the possible consequences of that failure), and Plaintiff has failed to show good cause why his failure to oppose Defendant's motion should not be deemed as consent to the granting of the motion. Therefore, I must determine whether Defendant has met his burden to demonstrate entitlement to dismissal under Rule 12(b)(6).

  B.  **Review of Merits of Defendant's Motion**

    1.  **Law Generally**

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To prevail on such a motion, the defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted).[2] A defendant may base this motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2);[3] or (2) a challenge to the legal cognizability of the claim.[4]

---

  [2] *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (internal quotations and citation omitted).

  [3] *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted); *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2) does not require a pleading to state the elements of a prima facie case,[5] it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47).[6] The purpose of this rule is to "facilitate a proper decision on the merits." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

---

the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[4] *See Swierkiewicz* 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2005 U.S. Dist. LEXIS 6686 (S.D.N.Y. Apr. 20, 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") (citation omitted); *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

[5] *See Swierkiewicz*, 534 U.S. at 511-512, 515.

[6] *See also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

514 (2002) (quoting *Conley*, 355 U.S. at 48).  A complaint that fails to comply with this rule "presents far too heavy a burden in terms of Defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion).[7]

The Supreme Court has characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has rejected judicially established pleading requirements that exceed this liberal requirement.  *See Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake.").  However, even this liberal notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003); *see, e.g.*, *Dura Pharm.*, 125 S. Ct. at 1634-1635 (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v.*

---

[7]       Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]); *U.S. v. Casado*, 303 F.3d 440, 449 n.5 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *U.S. v. Terry*, 927 F.2d 593 [2d Cir. 1991]); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 114 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *Zitz v. Pereira*, 225 F.3d 646 [2d Cir. 2000]); *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 57 (2d Cir. 2001) (citing, for similar purpose, unpublished table opinion of *Herman Miller, Inc. v. Worth Capitol*, 173 F.3d 844 [2d Cir. 1999]); *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *St. Charles Cable TV, Inc. v. Eagle Comtronics, Inc.*, 895 F.2d 1410 [2d Cir. 1989]); *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 586 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *Planned Parenthood Fed'n of Am. v. Bucci*, 152 F.3d 920 [2d Cir. 1998]).

*Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).[8]

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) (citation omitted). "This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Hernandez*, 18 F.3d at 136 (citation omitted).[9] Indeed, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) (internal quotation and citation omitted).[10] In addition, when addressing a *pro se*

---

[8] Several other decisions exist from the Second Circuit affirming the Rule 12(b)(6) dismissal of a complaint after *Swierkiewicz*. *See*, *e.g.*, *Cyril v. Neighborhood Partnership II Housing Development Fund, Inc.*, No. 03-7518, 2005 WL 181659, *2 (2d Cir. Jan. 25, 2005) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying Rule 12[b][6]); *Johnson v. U.S.*, No. 03-6054, 2003 WL 22849896, *1 (2d Cir. Dec. 2, 2003) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying, *inter alia*, Rule 12[b][6]); *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, I cite them because they clearly acknowledge the continued precedential effect, after *Swierkiewicz*, of cases from within the Second Circuit interpreting Rule 12(b)(6) or Rule 8(a)(2). *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[9] *See also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (affirming dismissal under Rule 12[b][6]) (internal quotations and citation omitted).

[10] Of course, the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of*

complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile because the problem with plaintiff's cause of action was substantive) (internal quotation and citation omitted).

### 2.  Application of Law

Upon thorough review of Defendant's motion papers and Plaintiff's liberally construed Second Amended Complaint, I have determined that Defendant is entitled to dismissal of Plaintiff's Second Amended Complaint for the reasons stated in Defendant's memorandum of law–i.e., that Plaintiff's Second Amended Complaint, when considered in light of the affirmance of the denial of Grievance No. CL-48002-03 (to which the Second Amended Complaint expressly refers), fails to allege any (non-conclusory) facts even suggesting that Defendant *knew* that the smoke in question posed a serious risk to Plaintiff's health. (Dkt. No. 67, Part 5 at 2-3 [Def.'s Mem. of Law].)[11]

Specifically, as stated above, Plaintiff alleges that Defendant's actions were taken *knowingly* or *recklessly* because of two reasons: (1) Defendant "was fully aware of plaintiff's allergic[] and asthmatic conditions at the time of the secondhand smoke exposure"; and (2)

---

*Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980) (citations omitted), *accord*, *Gil v. Vogilano*, 131 F. Supp.2d 486, 491 (S.D.N.Y. 2001).

[11]   *See Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (recommending dismissal because of plaintiff's failure to respond to motion to dismiss and the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, D.J.); *accord*, *Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, D.J.).

"Plaintiff . . . filed a grievance complaint addressing these issues and seeking appropriate medical analysis[] and prognosis," which grievance (No. CL-48002-03) Defendant denied. (Dkt. No. 63 at 2-3. The first reason (i.e., that Defendant "was fully aware" of Plaintiff's health condition) is wholly conclusory, since it assumes the existence of the fact that it is trying to prove (i.e., awareness by Defendant). Indeed, a close reading of the Second Amended Complaint reveals that this first reason finds its only factual support in the second reason (i.e., that Defendant denied Plaintiff's Grievance No. CL-48002-03, which had "address[ed] these issues").

However, there is a problem with this second reason. An examination of the affirmance of the denial of Grievance No. CL-48002-03 reveals that Clinton C.F. Deputy Superintendent *Dale Artis*, and not Defendant, issued that affirmance. (Dkt. No. 67, Part 3 [Ex. A to Holohan Aff.].) Thus, as Defendant points out, the affirmance of the denial of Grievance No. CL-48002-03 does not in any way suggest that Defendant *knew* about, much less made a decision about, Plaintiff's smoke-exposure allegations. (Dkt. No. 67, Part 5 at 3 [Def.'s Mem. of Law].)[12] Indeed, I can imagine no set of facts, consistent with Plaintiff's factual allegations, that would confer liability on Defendant for any constitutional violation.

In particular, Plaintiff's failure to allege non-conclusory facts suggesting knowledge or recklessness on the part of Defendant is fatal to both of Plaintiff's Eighth Amendment claims: (1) deliberate indifference to a serious medical need; and (2) confinement under cruel-and-unusual

---

[12] Even if Defendant had issued the affirmance in question, I would probably conclude that he lacked sufficient knowledge of Plaintiff's health condition to render his actions knowing or reckless for purposes of Plaintiff's Second Amended Complaint. This is because the affirmance of the denial of Grievance No. CL-48002-03 nowhere mentions Plaintiff's alleged allergies and asthma. (Dkt. No. 67, Part 3 [Ex. A to Holohan Aff.].) It seems doubtful to me that knowledge that an inmate is exposed to secondhand smoke, without more, suffices to state an Eighth Amendment claim.

prison conditions. This is because both claims, although slightly distinct, arise under the Eighth Amendment. Generally, "a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, 'sufficiently serious'. . . . [Second,] a prison official must have a 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Setting aside the issue of whether the deprivation in question (i.e., Plaintiff's right to be free of secondhand smoke) is "sufficiently serious," there remains the second issue–whether Defendant possessed a "sufficiently culpable state of mind" (i.e., a deliberate indifference to Plaintiff's health). Here, Plaintiff does not allege non-conclusory facts suggesting that Defendant did possess such a state of mind, for the reasons discussed above.

Finally, I agree with Defendant that this dismissal should be *with prejudice*, in light of the fact that (1) Plaintiff has already been given *two* opportunities to amend his Complaint (i.e., Dkt. Nos. 5, 63), and (2) the problem with Plaintiff's Eighth Amendment claims appears to be substantive and not merely formal. (Dkt. No. 67, Part 5 at 4 [Def.'s Mem. of Law] [citing cases].) *See also Cuoco*, 222 F.3d at 112.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 67) be **GRANTED**, and that Plaintiff's Second Amended Complaint (Dkt. No. 63) be **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: October 25, 2005
       Syracuse, New York

                                        George H. Lowe
                                        United States Magistrate Judge