**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALVIN FULTON, JR.,**

                                    **Plaintiff,**

          **v.**                                              **9:02-CV-1248**
                                                              **(FJS/GHL)**
**DANIEL A. SENKOWSKI,**

                                    **Defendant.**
_____

**APPEARANCES**                          **OF COUNSEL**

**ALVIN FULTON, JR.**
**02-B-0775**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **BRIDGET ERIN HOLOHAN, AAG**
**STATE ATTORNEY GENERAL**            **CHARLES J. QUACKENBUSH, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Chief Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

          Currently before the Court are (1) Plaintiff's objections to Magistrate Judge Lowe's

October 25, 2005 Report-Recommendation in which he recommended that this Court grant

Defendant's  motion to dismiss Plaintiff's second amended complaint[1] pursuant to Rule 12(b)(6)

_____

          [1] Plaintiff filed his original complaint on October 1, 2002, *see* Dkt. No. 1, his amended
complaint on October 25, 2002, *see* Dkt. No. 5, and his second amended complaint on February
                                                              (continued...)

of the Federal Rules of Civil Procedure[2] and (2) Plaintiff's appeal from Magistrate Judge Lowe's October 5, 2005 Order denying his motion for a judgment declaring that New York State may not indemnify Defendant.

## II. BACKGROUND[3]

Liberally construed, Plaintiff's second amended complaint alleges that, between May 11, 2002, and June 12, 2003, Defendant, who was at that time Superintendent of Clinton Correctional Facility, violated Plaintiff's Eighth Amendment rights while he was incarcerated at that facility by knowingly or recklessly exposing him 24-hours per day to the secondhand cigarette smoke of prison staff and other inmates. *See* Dkt. No. 63 at 1-2. Specifically, Plaintiff asserts that Defendant acted *knowingly or recklessly* because (1) he "was fully aware of plaintiff's alergic[] [sic] and asthmatic conditions at the time of the secondhand cigarette smoke exposure" and (2) "Plaintiff . . . filed a grievance complaint addressing these issues and seeking appropriate medical analysis[] and prognosis," which grievance (No. CL-48002-03) Defendant denied. *See id.* at 2-3. Moreover, Plaintiff contends that Defendant's response to his complaint was deficient because he "refused to institute preventive measures to protect plaintiff from known dangers of secondhand smoke" and he "refused to enssure [sic] appropriate medical attention and treatment .

---

[1](...continued)
17, 2005, *see* Dkt. No. 63.

[2] Despite numerous extensions of time, Plaintiff never filed any papers in opposition to Defendant's motion.

[3] This case has a somewhat tortured history due to Plaintiff's recalcitrance.

. . ." *See id.* at 3-4.[4]

After Plaintiff filed his second amended complaint on February 17, 2005, *see* Dkt. No. 63, Defendant sent a letter to the Court requesting an extension of time in which to answer or otherwise respond to that pleading, *see* Dkt. No. 64.  By Order dated March 4, 2005, the Court granted Defendant's request and extended Defendant's time to answer or otherwise respond to April 15, 2005.  *See* Dkt. No. 65.[5]  One month later, on April 4, 2005, Plaintiff filed an "Application for Clerk to Enter Default Judgment," which Magistrate Judge Lowe rejected

---

[4] Based upon these assertions, Magistrate Judge Lowe construed Plaintiff's second amended complaint to allege "*two* slightly distinct causes of action under the Eighth Amendment: (1) deliberate indifference to a serious medical need, and (2) confinement under cruel-and-unusual prison conditions."  *See* Dkt. No, 84, October 25, 2005 Report-Recommendation, at 2 (citing Dkt. No. 63 at 5).

[5] In his Affidavit in Opposition to Extention [sic] Order / and Assignment to Magistrate George H. Lowe, sworn to September 15, 2005, Plaintiff argues that

> this alleged order of extention [sic] was entered March 7, 2005 signed by S. Sutter supposedly under direction of District Judge Hon. Joseph M. Hood on March 3, 2005.  see Docket 65.  Plaintiff hereby objects and opposes to the "letter" request for extention [sic] as it fails to comply with Local Rule 7.1 which mandates all relief requests made to the Court must be in "motion form".  [S]ee Docket 59.  Plaintiff's "letter" request for relief was "REJECTED" for failure to be submitted in motion form and returned by Magistrate George H. Lowe' And what is good for the Goose is good for the gandor [sic] as a matter of law (This alleged order of extention [sic] was not received by plaintiff until on or about August 8, 2005 as result of the above explained cercumstances [sic]) . . . .

*See* Dkt. No. 78 at 2.

Plaintiff repeats this argument, although in somewhat different words, in his Affidavit in Opposition to Defendant's Letter Brief, *see* Dkt. No. 87 at 3, which Defendant filed, *see* Dkt. No. 86, in response to Plaintiff's Objections to Magistrate Judge Lowe's Report-Recommendation, *see* Dkt. No. 85.

because the Court had given Defendant an extension of time to file an answer or other response

to Plaintiff's second amended complaint. *See* Dkt. No. 66.[6]

The next day, April 5, 2005, Defendant filed a motion to dismiss Plaintiff's second

amended complaint. *See* Dkt. No. 67.  By Order dated April 12, 2005, Judge Hood reassigned

this case to Chief Judge Scullin. *See* Dkt. No. 68.[7]  On April 25, 2005, Plaintiff filed an

_____

[6] By Order dated April 18, 2005, Magistrate Judge Lowe returned Plaintiff's application
for default judgment because Defendant had filed a motion to dismiss on April 5, 2005, and,
therefore, was not in default. *See* Dkt. No. 69.

[7] Plaintiff mischaracterizes this Court's December 13, 2004 Referral Order in which it
referred this case, as well as several others, to Judge Hood. *See* Dkt. No. 58.  In that Order,
which is a standard Referral Order, this Court stated, in pertinent part, that

> [d]ue to the number of motions now pending in the Northern
> District of New York, the Second Circuit Council has authorized
> the **Hon. Joseph M. Hood** to sit by designation in the Northern
> District of New York through May 31, 2005.  The following cases
> have been referred to **Judge Hood** for disposition by trial and/or
> motion: . . .
>
> 4)      9:02-CV-1248 (LEK/GHL) Fulton v. Mussen, et al . . . .

*See id.*

In his Affidavit in Opposition to Defendant's Letter Brief, Plaintiff interprets this Order to
mean that this Court issued its December 13, 2004 Referral Order because it was "compelled by
the Second Circuit to bring in New-Blood." *See* Dkt. No. 87 at 2.  Moreover, Plaintiff appears to
assert that the Second Circuit "compelled" this Court to issue its December 13, 2004 Referral
Order as a result of Plaintiff's complaints to the Second Circuit about this Court's "total
mismanagement, bias and prejudice" in this case. *See id.*

There is no merit to Plaintiff's argument.  The purpose of this Court's December 13, 2004
Referral Order was to ensure the efficient and timely resolution of the cases that it referred –
including this one – and that, in furtherance of that purpose, the Court selected cases that had
been randomly assigned to several judges in this District.  Moreover, there is nothing in the
December 13, 2004 Referral Order to suggest that the Second Circuit compelled this Court to
bring "new-blood" into this action.

Affidavit in Opposition to Magistrate Judge Lowe's April 18, 2005 Order rejecting Plaintiff's application for default judgment. *See* Dkt. No. 71.  By Order dated May 12, 2005, Magistrate Judge Lowe *sua sponte* extended Plaintiff's time to file papers in opposition to Defendant's motion to dismiss until June 2, 2005. *See* Dkt. No. 72.  Subsequently, by Order dated June 24, 2005, Magistrate Judge Lowe further extended Plaintiff's time to file papers in opposition to Defendant's motion until July 25, 2005. *See* Dkt. No. 74.  By Order dated July 19, 2005, Magistrate Judge Lowe once again extended Plaintiff's time to respond to Defendant's motion until August 8, 2005, and, in addition, denied Plaintiff's July 8, 2005 motion for appointment of counsel. *See* Dkt. No. 77.

By Order dated July 11, 2005, this Court denied Plaintiff's objection to Magistrate Judge Lowe's April 18, 2005 Order in which he rejected Plaintiff's application for entry of default judgment because Defendant had filed a motion to dismiss on April 5, 2005, and therefore was not in default. *See* Dkt. No. 76.

On September 19, 2005, Plaintiff filed objections to Judge Hood's March 4, 2005 Order extending the time for Defendant to respond to Plaintiff's second amended complaint and to Judge Hood's April 13, 2005 Order reassigning this case to Chief Judge Scullin. *See* Dkt. No. 78.[8]  On that same date, Plaintiff filed a motion for a judgment declaring that the State of New

---

[8] This submission was incorrectly docketed as "Objections/Appeal of Magistrate Judge Decision to District Court by Alvin Fulton, Jr. of <u>68</u> Order Reassigning Case and <u>65</u> Order." *See* Dkt. No. 78.  A more accurate description of the document would have been "Affidavit in Opposition to Extention [sic] of Order / And Assignment of Magistrate George H. Lowe." *See id.*  However, this inaccurate description does not affect the Court's disposition of the issues addressed therein.

In his "Affidavit in Opposition to Court's Grant of Exstention [sic] of Time to Answer
(continued...)

York may not indemnify or defend Defendant Senkowski, *see* Dkt. No. 80, which Magistrate

Judge Lowe denied by Order dated October 5, 2005, *see* Dkt. No. 81.

      Finally, Magistrate Judge Lowe issued a Report-Recommendation on October 25, 2005,

in which he recommended that this Court grant Defendant's motion to dismiss Plaintiff's second

---

    [8](...continued)

Motion," *see* Dkt. No. 82, Plaintiff asserts that

>     Judge Federick [sic] J. Scullin falsified the record in this
> case and misrepresented the facts under Docket 78; claiming that
> plaintiff's motion for indemnification and, from entitlement of
> respondent to receive counsel fees' [sic] was an "APPEAL OF
> MAGISTRATE JUDGE DECISION" <u>see</u> Docket #78, and review
> motion in question. Respondent remains in default <u>see</u> Docket #69
> and 70.

>     For purposes of correcting the record; Opposition submitted
> against alleged extention [sic] order/ and assignment of Magistrate
> George H. Lowe; and again, notice of motion is for judgment
> denying respondent any entitlements for indemnification, and from
> counsel fees.

*See* Dkt. No. 82.

    Plaintiff appears to be confused. Docket No. 78 is, in fact, his "Affidavit in Opposition to
Extention [sic] Order/And Assignment of Magistrate George H. Lowe." *See* Dkt. No. 78 at 1.
The Court has never addressed these objections. Thus, Plaintiff's argument is, once again,
without merit.

    With respect to Plaintiff's motion for a judgment declaring that the State of New York
may not indemnify or defend Defendant Senkowski, that is not Dkt. No. 78; rather, it is Dkt. No.
80. As noted, Magistrate Judge Lowe denied that motion by Order dated October 5, 2005. *See*
Dkt. No. 81. Moreover, Defendant's letter brief in opposition to Plaintiff's objections relates to
his objections to Magistrate Judge Hood's Orders extending Defendant's time to respond to
Plaintiff's second amended complaint and reassigning the case to Chief Judge Scullin, *see* Dkt.
No. 79, **not** to his motion for a judgment declaring that the State of New York may not indemnify
or defend Defendant Senkowski, *see* Dkt. No. 80. Finally, as noted, the Court has not yet
disposed of Plaintiff's objections to Magistrate Judge Lowe's October 5, 2005 Order denying this
motion.

amended complaint with prejudice.  *See* Dkt. No. 84.  Plaintiff filed timely objections to this

Report-Recommendation, *see* Dkt. No. 85; Defendant filed a letter brief in response to these

objections, *see* Dkt. No. 86; and Plaintiff filed an affidavit in response to Defendant's letter brief,

*see* Dkt. No. 87.

## III. DISCUSSION

**A.     Magistrate Judge Lowe's October 25, 2005 Report-Recommendation**[9]

Addressing the merits of Defendant's motion, Magistrate Judge Lowe concluded that

> [u]pon thorough review of Defendant's motion papers and
> Plaintiff's liberally construed Second Amended Complaint, I have
> determined that Defendant is entitled to dismissal of Plaintiff's
> Second Amended Complaint for the reasons stated in Defendant's
> memorandum of law – i.e., that Plaintiff's Second Amended
> Complaint, when considered in light of the affirmance of the denial

---

[9] As an initial matter, Magistrate Judge Lowe noted that

> [i]n his motion papers, Defendant specifically advised Plaintiff that
> "failure to respond to Defendant's motion may result in the Court
> granting the motion, in which [case] there will be no trial." (Dkt.
> No. 67, Part 1 [Defs.' Notice of Motion] [citing N.D.N.Y. L.R.
> 7.1(b)(3)].)  In addition, by Order filed May 12, 2005, the Court (1)
> reminded Plaintiff that he had not yet responded to Defendant's
> motion to dismiss, (2) granted Plaintiff an extension until June 12,
> 2005 to so respond, and (3) advised Plaintiff that his failure to so
> respond would be deemed consent to the relief requested in
> Defendant's motion.  (Dkt. No. 72) Moreover, the Court *sua sponte*
> further extended the deadline for Plaintiff's response, by Orders
> filed on June 24, 2005, and July 19, 2005 – giving Plaintiff until
> August 8, 2005, to respond to Defendant's motion.  (Dkt. Nos. 74,
> 77).  Still, Plaintiff has not responded to Defendant's motion.

*See* Dkt. No. 84 at 3.

Moreover, Magistrate Judge Lowe noted that

> Defendant's motion to dismiss is properly filed, Plaintiff has failed
> to oppose it (despite being expressly and repeatedly warned of the
> possible consequences of that failure), and Plaintiff has failed to
> show good cause why his failure to oppose Defendant's motion
> should not be deemed as consent to the granting of the motion.
> Therefore, I must determine whether Defendant has met his burden
> to demonstrate entitlement to dismissal under Rule 12(b)(6).

*See id.* at 4.

> of Grievance No. CL-48002-03 (to which the Second Amended
> Complaint expressly refers), fails to allege any (non-conclusory)
> facts even suggesting that Defendant *knew* that the smoke in
> question posed a serious risk to Plaintiff's health.  (Dkt. No. 67,
> Part 5 at 2-3 [Def.'s Mem. of Law].)

*See* Dkt. No. 84 at 8 (footnote omitted).

Magistrate Judge Lowe explained that, although Plaintiff alleged that Defendant took the actions he did knowingly and recklessly because he "was fully aware of plaintiff's allergic[] and asthmatic conditions at the time of the second hand smoke exposure," that "Plaintiff . . . filed a grievance complaint addressing these issues and seeking appropriate medical analysis[] and prognosis," and that Defendant denied that grievance, *see id.* at 8-9 (citing Dkt. No. 63 at 2-3), there were problems with these reasons.  Magistrate Judge Lowe concluded that Plaintiff's first reason was wholly conclusory, "since it assume[d] the existence of the fact that it is trying to prove (i.e., awareness by Defendant) . . . [and] a close reading of the Second Amended Complaint reveals that this first reason finds its only factual support in the second reason . . . ." *See id.* at 9.  Unfortunately for Plaintiff, Magistrate Judge Lowe also found that there was a problem with the second reason because "[a]n examination of the affirmance of the denial of Grievance No. CL-48002-03 reveals that Clinton C.F. Deputy Superintendent *Dale Artis*, and not Defendant, issued that affirmance. . . . Thus, as Defendant points out, the affirmance of the denial of Grievance No. CL-48002-03 does not in any way suggest that Defendant *knew* about, much less made a decision about, Plaintiff's smoke-exposure allegations. . . ."  *See id.* (citation and footnote omitted).

Finally, Magistrate Judge Lowe explained his reasoning in the following manner:

> Plaintiff's failure to allege non-conclusory facts suggesting

> knowledge or recklessness on the part of Defendant is fatal to both of Plaintiff's Eighth Amendment claims: (1) deliberate indifference to a serious medical need; and (2) confinement under cruel-and-unusual prison conditions.  This is because both claims, although slightly distinct, arise under the Eighth Amendment.  Generally, "a prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation must be, objectively, 'sufficiently serious' . . . . [Second,] a prison official must have a 'sufficiently culpable state of mind.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Setting aside the issue of whether the deprivation in question (i.e., Plaintiff's right to be free of secondhand smoke) is "sufficiently serious," there remains the second issue – whether Defendant possessed a "sufficiently culpable state of mind" (i.e., a deliberate indifference to Plaintiff's health).  Here, Plaintiff does not allege non-conclusory facts suggesting that Defendant did possess such a state of mind . . . .

*See id.* at 9-10.[10]

Plaintiff filed an "Affidavit in Opposition to Magistrate Report-Recommendation" on

November 7, 2005.  *See* Dkt. No. 85.[11]

### 1. *Plaintiff's procedural arguments*

In his Affidavit, Plaintiff argues that "[a]s a matter of law, the October 25, 2005 Report-

---

[10] Magistrate Judge Lowe also recommended that this Court grant Defendant's motion and dismiss Plaintiff's second amended complaint with prejudice, "in light of the fact that (1) Plaintiff has already been given *two* opportunities to amend his Complaint (i.e., Dkt. Nos. 5, 63), and (2) the problem with Plaintiff's Eighth Amendment claims appears to be substantive and not merely formal. (Dkt. No. 67, Part 5 at 4 [Def.'s Mem. of Law] [citing cases].)  *See also Cuoco*, 222 F.3d at 112."  *See* Dkt. No. 84 at 10.

[11] Plaintiff also submitted an Affidavit in Opposition to Defendant's Letter Brief in Response to his Objections to Magistrate Judge Lowe's October 25, 2005 Report-Recommendation, in which, for the first time, Plaintiff addressed the merits of his claims.  *See* Dkt. No. 87.  In addition, Plaintiff reiterates his belief that there are procedural irregularities with respect to Magistrate Judge Lowe's October 25, 2005 Report-Recommendation and that, therefore, his recommendations are null and void.  In the interests of clarity, the Court will address Plaintiff's procedural arguments separately from his substantive arguments.

Recommendation is null and void pursuant to Rule 7.1 of [this District's Local Rules], which

requires that any application to the Court MUST be in Motion-Form, which must state with

parcularity [sic] the grounds thereof, and shall set forth the relief or Order sought . . . ."  *See* Dkt.

No. 85 at 1.  Plaintiff further asserts that "Defendant failed to comply with Federal Rules, and

Local Rule 7.1 which governs motion practice.  Assistant Attorney General, Bridget E. Holohan

submitted a 'mere' letter requesting an extention [sic] of time to answer or otherwise respond to

plaintiff's amended complaint.  *see* DKT. NO. 64[.]"  *See id.*

> Alternatively, Plaintiff argues that the Report-Recommendation is null and void because

>> defendant remains in DEFAULT for failure to timely file and serve
>> answer or respobnse [sic] to plaintiff's amended complaint as result
>> of the illegal/unlawful "letter" request for an extention [sic] which
>> failed to give plaintiff the required written notice.  see DKT. NO.
>> 66; Plaintiff filed and served application for default judgment/with
>> proposed Order (50) days after service of complaint upon
>> defendant.

>> Plaintiff filed and served Notice of MOtion [sic] for an
>> Assessment Hearing to determine extent of damages as result of
>> default.  see DKT. NO. 69; And upon receipt of defendant's
>> "untimely" response plaintiff filed and served notice of motion to
>> strike.  see DKT. NO. 70[.]  Defendant remains in "DEFAULT"
>> and therefore the Magistrate nor the District Court held jurisdiction
>> over the matter at hand to enter the Report-Recommendation.

*See id.* at 1-2.

> Moreover, Plaintiff claims that the Report-Recommendation is null and void because

>> the District Judge neglected to give plaintiff NOTICE of
>> desination/assindment [sic] of Magistrate pursuant to 28 U.S.C.
>> 636(b)(1) Subparagraph A.  Plaintiff nor defendant ever received
>> nor submitted a consent form to Magistrate assindment [sic].

>> In accordance with paragraph (20 [sic] of Subsection (c) the
>> Clerk of Court was required to notify the parties of Mistrate [sic]

availability, thus permit [sic] parties to consent or withhold consent
. . . .

*See* Dkt. No. 85 at 2.

Finally, in his Affidavit in opposition to Defendant's Letter Brief, Plaintiff asserts that, when Magistrate Judge Lowe issued his December 16, 2004 Order rejecting Plaintiff's November 19, 2004 letter request, Judge Hood was presiding over this case and therefore Magistrate Judge Lowe did not have authority to enter that Order and, "pursuant to 28 U.S.C. 636 (b) (1) Subparagraph A, Plaintiff hereby requests a copy of Judge Hood's direction or designation **ORDER** authorizing Lowe to enter the December 16, 2004 rejection." *See* Dkt. No. 87 at 2.[12]

Plaintiff's assertions that Magistrate Judge Lowe's October 25, 2005 Report-Recommendation is null and void or that he did not have the authority to issue his December 16, 2004 Order are without merit. First, his reliance upon § 636(b)(1) is misplaced.

In pertinent part, section 636(b)(1) provides that

[n]otwithstanding any provision of law to the contrary –

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss for failure to state a claim upon which

---

[12] In addition, Plaintiff requests a copy of Judge Hood's Order authorizing pro se staff attorney S. Sutter to sign an order extending Defendant's time to respond to Plaintiff's second amended complaint. *See* Dkt. No. 87 at 3. This argument is totally without merit. There is no requirement that the Court issue such a written order. Moreover, the Court may designate anyone on its staff to issue an Order at "its direction."

The Court finds it interesting that Plaintiff does not complain about the fact that pro se staff attorney S. Sutter signed an Order at the direction of this Court granting **Plaintiff's** request that no Rule 16 Order be issued or discovery conducted until after this Court resolved Defendant's motion to dismiss. *See* Dkt. No. 83.

-12-

relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications of posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

   In addition, this District's Local Rule 40.1 provides that "[i]mmediately upon the filing of

a civil action or proceeding, the Clerk shall assign to such action or proceeding a district judge

and magistrate judge pursuant to the Court's Assignment Plan. See General Order #12." L.R.

40.1. Finally, Local Rule 72.3(c) provides that "[p]roceedings commenced by an unrepresented

prisoner shall, unless the Court orders otherwise, be referred to a Magistrate Judge for the

purpose of reviewing applications, petitions and motions in accordance with these Rules and 28

U.S.C. § 636." L.R. 72.3(c).

When these local rules are read in conjunction with § 636(b)(1), it is clear that no further Order is required to authorize a magistrate judge in this District to address pretrial matters, whether those matters are nondispositive and therefore governed by § 636(b)(1)(A) or dispositive and therefore governed by § 636(b)(1)(B).  If the matters are nondispositive, the assigned magistrate judge may issue an order from which a party may appeal to the district court.  If the matter is dispositive – for example a motion to dismiss or for summary judgment – the magistrate judge has the authority to issue a Report-Recommendation, to which a party may object and which the district judge will review.

Finally, designation of a magistrate judge to dispose of such motions is **not** the same as the "consent" to which Plaintiff refers in his papers and which is governed by § 636(c).  Section 636(c), unlike § 636(b), addresses the referral of an **entire case** to a magistrate judge.  As Plaintiff correctly notes, referral under § 636(c) does require the consent of all the parties.[13]

---

[13] Section 636(c) provides, in pertinent part, that

> [n]otwithstanding any provision of law to the contrary –
> (1) Upon the consent of the parties, a full time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves.  Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate judge may exercise such jurisdiction, if such magistrate judge meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the district certifies that a full-time magistrate judge is not reasonably available in accordance with guidelines established by the judicial council of the circuit. . . .
>
> (2) If a magistrate judge is designated to exercise civil

(continued...)

-14-

There is no such requirement, however, for the referral of various matters within a single case to a magistrate judge for disposition, either by way of an order appealable to the district court or by way of a report and recommendation to which the parties may object and which a district judge must review and enter a final disposition.

Thus, although Plaintiff's confusion is understandable, his arguments are inapplicable to the circumstances of this case.  As noted, this District's local rules and § 636(b)(1) permit this Court to refer **all** pretrial matters to a magistrate judge in this District, whether those matters are dispositive or nondispositive.  Therefore, to the extent that Plaintiff's objections are based upon his argument that Magistrate Judge Lowe lacked the authority to issue the Orders and Report-Recommendations with which Plaintiff now takes issue, the Court rejects these arguments.

### 2. Plaintiff's substantive arguments

In his affidavit in response to Defendant's response to his objections, Plaintiff, for the first time, addresses the merits of his claims.  In this regard, Plaintiff asserts that Magistrate Judge Lowe's recommendation "is clearly unfounded, arbitrary and capricous [sic], and a blatant

---

[13](...continued)
jurisdiction under paragraph (1) of this subsection, the clerk of the court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiciton.  The decision of the parties shall be communicated to the clerk of the court.  Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. . . .

28 U.S.C. § 636(c).

-15-

obstruction of justice, *see* Dkt. No. 87 at 1, because Plaintiff has established the elements of his

Eighth Amendment claims; i.e., that he has shown "objectively, that 'he was exposed to

unreasonably high levels of Secondhand Smoke' (This is clearly shown by Plaintiff's H-Pilori

possitive [sic] condition, which resulted directly from such unreasonable exposure as verified by

Plaintiff's medical record. . . ." *See id.* (citation omitted).  Moreover, Plaintiff claims that he has

shown, "subjectively, that defendant Senkowski 'was deliberately indifferent to Plaintiff's

medical needs or safety', which can be determined unequivocally by Senkowski's 'authorized'

responses to Plaintiff's (Grievance Complaints) regarding the Secondhand Smoke exposure.  see

Grievance Resolution Reports No.s [sic] CL-48002-03, and CL-46570-02 hereto." *See id.*

Finally, Plaintiff asserts that

> rather than enforce the non indoor Smoking Policy defendant
> Senkowski in fact encouraged and supported (Indoor Smoking) by
> instituting a Policy which allows inmates to stock-pile cigarettes
> tobacco, and matches in their cells at all times.  "A review of the
> Clinton Correctional Facility's Disciplinary **Write-Up** history
> during the time-frame alleged in present complaint will no doubt
> reveal blatant neglect on behalf of defendant Daniel A. Senkowski
> to enforce the non indoor smoking Policy"; Less than (7) seven
> Disciplinary Writ-Ups [sic] resulted in the (13) month period of
> exposure alleged in complaint.  (Inmates names listed in Write-Ups
> should be deleted before disclosure)

*See id.* at 2.

Although Plaintiff never filed a response to Defendant's motion to dismiss, despite

Magistrate Judge Lowe providing him with numerous opportunities to do so, the Court has

considered Plaintiff's objections to Magistrate Judge Lowe's findings and recommendations and

concludes that Plaintiff's arguments are without merit.  There is nothing in Plaintiff's papers to

counter the documentary evidence that establishes that Defendant was not the person who either

denied the grievance complaint or affirmed the denial of that complaint.  Therefore, Plaintiff has

failed to adduce any facts from which this Court could conclude that Defendant had any notice of

Plaintiff's complaint or his allegedly ill health.  Nor do these submissions change the fact that

Plaintiff's complaint is devoid of any facts, beyond conclusory ones, that would implicate

Defendant in the alleged violation of his Eighth Amendment rights.  Accordingly, the Court

rejects Plaintiff's substantive arguments and adopts Magistrate Judge Lowe's October 25, 2005

Report-Recommendation in its entirety.


**C.     Plaintiff's Appeal from Magistrate Judge Lowe's October 5, 2005 Order**[14]

In September 2005, Plaintiff filed a Notice of Motion asking the Court to issue "an Order

disqualifying 'former Superintendent' Daniel A. Senkowski of indemnification from forthcoming

judgments, and from any entitlements of counsel fees . . . ."  *See* Dkt. No. 80.  Without waiting

for Defendant to file a response to this motion, Magistrate Judge Lowe issued an Order, dated

October 5, 2005, in which he denied Plaintiff's motion without prejudice and with leave to renew

his motion if the Court rendered a judgment against Defendant.  *See* Dkt. No. 81.  Magistrate

Judge Lowe provided three distinct reasons for his decision: (1) the motion was without merit,

(2) the motion did not comply with either the Federal Rules of Civil Procedure or this Court's

Local Rules, and (3) the motion was premature because the Court had not rendered a judgment

---

[14] As a preliminary matter, the Court notes that, in his Affidavit in support of his appeal of Magistrate Judge Lowe's October 5, 2005 Order, Plaintiff appears to request that this Court recuse itself from any further involvement in this case.  The basis for this request, although not entirely clear, appears to rest on Plaintiff's assertions concerning the Clerk of the Court's description of Dkt. No. 78.  These arguments, as explained above, have no merit and, thus, to the extent that Plaintiff is asking the Court to recuse itself, the Court denies this request.

against Defendant Senkowski. *See id.* at 1-2.

Although the Court could affirm this Order on any of the grounds upon which Magistrate Judge Lowe relied, the Court need not choose among these alternatives because, in light of the Court's adoption of Magistrate Judge Lowe's recommendation to grant Defendant's motion to dismiss Plaintiff's second amended complaint with prejudice, this motion is moot.

## IV. CONCLUSION

Accordingly, after carefully reviewing Magistrate Judge Lowe's October 25, 2005 Report-Recommendation and his October 5, 2005 Order, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lowe's October 25, 2005 Report-Recommendation is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Plaintiff's second amended complaint is **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's appeal from Magistrate Judge Lowe's October 5, 2005 Order is **DENIED AS MOOT**; and the Court further

**ORDERS** that Plaintiff's appeals from Judge Hood's March 4, 2005 Order extending

Defendant's time to respond to Plaintiff's second amended complaint and Judge Hood's April 13,

2005 Order reassigning this case to Chief Judge Scullin are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 26, 2006
          Syracuse, New York

                                                            _____
                                                            Frederick J. Scullin, Jr.
                                                            Chief United States District Court Judge